```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Criminal No. 2011-35
                                   )
DAVID MERCEDES MEJIA, JOEL DIAZ    )
HINIRIO, and JUAN ALEXIS,          )
                                   )
          Defendants.              )
_____)
```

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Ramon M. Gonzalez, Esq.**
Law Office of Ramon M. Gonzalez
San Juan, PR
    *For David Mercedes Mejia,*

**Pedro K. Williams, Esq.**
Law Office of Frazer and Williams
St. Thomas, U.S.V.I.
    *For Joel Diaz Hinirio,*

**David J. Cattie, Esq.**
Ogletree Deakins
St. Thomas, U.S.V.I.
    *For Juan Alexis.*

## ORDER

**GÓMEZ, J.**

Before the Court is the petition of Joel Diaz Hinirio ("Hinirio") which seeks relief pursuant to 28 U.S.C. § 2255 (the "2255 petition").

On May 4, 2012, the Grand Jury returned a ten-count indictment against Hinirio, charging him with drug and firearm offenses. Hinirio moved to suppress certain physical evidence and statements. On February 22, 2013, the Court entered an order (1) granting in part and denying in part Hinirio's motion to suppress certain physical evidence; and (2) denying Hinirio's motion to suppress certain statements.

On March 18, 2013, Hinirio entered a guilty plea. On July 16, 2013, the Court sentenced Hinirio.

Hinirio subsequently appealed the Court's denial of his motions to suppress (the "direct appeal"). The Third Circuit remanded the case to this Court to state the Court's essential findings for the record.[1] On December 10, 2016, the Court entered a memorandum opinion explaining the rationale for its February 22, 2013, order.

On January 2, 2018, Hinirio filed a motion for relief pursuant to 28 U.S.C. § 2255. Since the December 10, 2016, memorandum opinion, the Third Circuit has not yet ruled on Hinirio's direct appeal.

---

[1] In addition to challenging the denial of his motions to suppress, Hinirio argued on appeal that this Court erred in denying his motions (1) to withdraw his guilty plea; and (2) to dismiss for Speedy Trial Act violations. The Third Circuit held that Hinirio had waived his right to appeal these two rulings because he entered an enforceable appellate waiver.

With a pending appeal, Hinirio's judgment of conviction is not final under 28 U.S.C. § 2255. *See, e.g., Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) ("[I]t is clear that 'final,' as used in § 2255, refers to the decision on direct review that 'precludes further controversy on the questions passed upon,' the one 'from which no appeal or writ of error can be taken.' We are persuaded that Congress intended this concept of finality to control petitions filed under § 2255's one-year limitations period."). Thus, the 2255 petition is premature and Hinirio must wait until the Third Circuit disposes of his direct appeal before pursuing any other available avenues for relief. *See, e.g., Reynolds v. Martinez*, 351 Fed. App'x 585, 586 (3d Cir. 2009) (finding that because petitioner was in the process of challenging the legality of his detention via direct appeal, and those claims were not yet resolved, his challenge to his conviction and sentence was premature); *United States v. Walker*, 330 Fed. App'x 335, 336 n.1 (3d Cir. 2009) (noting that the filing of a § 2255 motion would be premature while the direct appeal remains pending); *Norman v. Levi*, 305 Fed. App'x 820, 821 (3d Cir. 2009) (noting that a motion under § 2255 would be

subject to dismissal as premature because it was filed prior to sentencing and direct appeal).[2]

The premises considered, it is hereby

**ORDERED** that the 2255 petition docketed at ECF Number 247 is **DENIED;** and it is further

**ORDERED** that the Clerk of Court shall send a copy of this order to Joel Diaz Hinirio.

S\_____
**Curtis V. Gómez
District Judge**

---

[2] Hinirio has provided the Court with information indicating that his retained attorney, Federico R. Ducoudray Acevedo, may be incarcerated for federal criminal violations at this time. *See United States v. Ducoudray-Acevedo*, No. CR 15-166 (ADC), 2017 WL 1286783 (D.P.R. Apr. 5, 2017). If so, Hinirio may need to seek appointment of new representation or leave to appeal pro se through the Third Circuit in order to prosecute his appeal. *See* 3rd Cir. LAR 27.8 ("A party [represented by counsel] may file pro se a motion for the appointment of new counsel or a motion to proceed pro se."); 3rd Cir. LAR 109.1 ("Trial counsel in criminal cases, whether retained or appointed, are expected to continue on appeal absent extraordinary circumstances. After the entry of an order of judgment, counsel will not be permitted to withdraw from a direct criminal appeal without specific leave of court."); *cf.* 3rd Cir. LAR 109.2(a) (providing for appointment of appellate counsel after filing of *Anders* motion where merits "panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate").