**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:11-cr-0035** |
| | ) | |
| **JOEL DIAZ HINIRIO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**APPEARANCES:**

**ADAM F. SLEEPER, UNITED STATES ATTORNEY**
**DELIA L. SMITH, ASSISTANT UNITED STATES ATTORNEY**
**RHONDA WILLIAMS-HENRY, ASSISTANT UNITED STATES ATTORNEY**
UNITED STATES ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
*FOR PLAINTIFF THE UNITED STATES OF AMERICA*

**MATTHEW A. CAMPBELL, CHIEF FEDERAL PUBLIC DEFENDER**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS
*FOR DEFENDANT JOEL DIAZ HINIRIO*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

**BEFORE THE COURT** is pro se petitioner Joel Diaz Hinirio's ("Hinirio") motion requesting relief pursuant to 28 U.S.C. § 2255 (Dkt. No. 273.) The Government filed its opposition and Hinirio filed a reply thereto. *See* Dkt Nos. 291 and 292, respectively. Also, before the Court are Hinirio's Motion Requesting Ruling, filed on October 28, 2025, and his Emergency Unopposed Second Motion Requesting Ruling, filed on April 16, 2026. (Dkt. Nos. 293 and 294, respectively.) Hinirio petitions the Court for an Order permitting him to appeal this Court's denials of the motions to suppress that he filed during his prosecution. Hinirio asserts that his Sixth Amendment right to effective assistance of counsel was violated on his initial appeal of those denials. Upon review, and in consideration of 28 U.S.C. § 2255(b), the

Court finds that the record does not conclusively show that Hinirio is not entitled to relief. Accordingly, for reasons herein, the Court will grant Hinirio's petition.

**I.**

Defendant Joel Diaz Hiniro is currently serving a 210-month term of imprisonment that is scheduled to end in February 2027. Hinirio was indicted in 2011 for violations of federal drug and firearms laws. (*See* Dkt. No. 16, Indictment; Dkt. No. 63, Superseding Indictment, May 4, 2012; Dkt. No. 230, Judgment, July 16, 2013.) He pleaded guilty on March 18, 2013—the day his trial was to begin—but Hinirio preserved his right to appeal denials of his motions to suppress.[1] (*See generally* Dkt. Nos. 57, 62, 90, 100, 137, 192.)

Hinirio was represented by court appointed counsel, pro hac vice Frederico Rafael Ducoudray-Acevedo ("Ducoudray"). (*See* Dkt. Nos. 30, 35, 37.) Through his counsel, Hinirio had sought to suppress evidence of statements and confessions that he alleged were improperly obtained, as well as evidence from a search of his vehicle.[2] In February 2013 Hinirio's initial motions to suppress were granted in part and denied in part. (*See* Dkt. No. 178.) Although the Court's February Order stated that a memorandum opinion would be forthcoming, an opinion explaining the Court's rationale was not issued until three years later— on December 10, 2016—as directed by the Third Circuit after Hinirio appealed.[3] (*See* Dkt. No. 237.) Hinirio filed a timely notice of appeal and also petitioned for appointment of new counsel, however the Third Circuit denied his motion for appointment of new counsel, and instead appointed Ducoudray to represent him on appeal. (*See* Dkt. No. 229.)

---

[1] Hinirio later moved to withdraw his guilty plea, (Dkt. Nos. 220, 221, 222), which the Court denied. (Dkt. No. 227.)

[2] On May 31, 2012, the Court held an evidentiary hearing on Hinirio's initial motions to suppress (Dkt. Nos. 57, 62, 90, 100.) The hearing was recessed on May 31, (Dkt. No. 97), and resumed on June 7, 2012. (Dkt. No. 96.) At the June hearing, the Court requested additional briefings, which Hinirio subsequently filed. (*See* Dkt. No. 101 and Dkt. No. 138.)

[3] In the meantime, on March 8, 2013, shortly before Hinirio pleaded guilty, he filed one last motion to suppress (Dkt. No. 192), which the Court also denied. (Dkt. No. 206.) Hinirio's Motion to Dismiss and/or Motion to Suppress the Fruits of the Illegal Search of the Vehicles-Statements and for Reconsideration to Quash House Search Warrant in Light of New Evidence, (Dkt. No. 192), was denied at the evidentiary hearing held on March 15, 2013. (*See* Dkt. Nos. 195, 206.) The motion was denied without a memorandum, but the Court set forth the grounds of the denial at the hearing.

Ducoudray argued Hinirio's appeal on December 11, 2014. That same day the Third Circuit issued its Mandate remanding for the District Court to state its findings on the record with respect to the suppression issue.[4] (*See* Dkt. Nos. 236, 236-1). The Third Circuit found that the District Court did not adhere to Federal Rules of Criminal Procedures in its failure to issue a memorandum opinion with its February 2013 Order denying Hinirio's initial motions. The Third Circuit stated:

> The District Court . . . did not state the factual basis for its order denying the motions to suppress as required under Fed. R. Crim. P. 12 (d). Among other things, the District Court made no findings concerning whether Diaz-Hinirio had a privacy interest in the location searched or provide the facts that it found supported its conclusion that the initial search of the premises was permissible under an exception to a warrant requirement, such as common authority. As a result, we will remand for the District Court to "state its essential findings for the record" as required by Rule 12(d).

*United States v. Diaz-Hinirio*, 588 F. App'x 181, 182 (3d Cir. 2014).

Hinirio now argues that by the time the District Court issued its "essential findings for the record"—in December 2016—Hiniro's court-appointed counsel had abandoned him. (Dkt. No. 274 at 3.) On March 4, 2015—just months after the Third Circuit issued its mandate in Hinirio's matter—Ducoudray himself was indicted in the District Court of Puerto Rico in a matter unrelated to Hinirio's case.[5] (Dkt. No. 274 at 3.) Ducoudray was tried and found guilty of witness tampering and obstruction of justice in January 2016.[6] Ducoudray was later sentenced to eighteen months in prison on September 13, 2016.[7] The District Court entered its memorandum opinion just a few months later. (Dkt. No. 237.)

---

[4]The Third Circuit dismissed the first three grounds of Hinirio's appeal noting that "Hinirio also sought to appeal the denial of his motions to withdraw his guilty plea and to dismiss based upon a violation of the Speedy Trial Act as well as his sentence," but he "knowingly and voluntarily entered a waiver of his right to appeal all issues other than the suppression issues." *Diaz-Hinirio*, 588 F. App'x at 181 n.1. Because Hinirio entered an enforceable appellate waiver, the Third Circuit concluded that he waived his right to appeal the rulings on those issues. *Id.* (citing *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013). Hinirio asserted four grounds of appeal: 1) Fourth Amendment violation; 2) plea of guilty was not knowing, intelligent, or voluntary; 3) speedy trial violation, and 4) ineffective assistance of counsel. (Dkt. No. 247.)

[5] D.P.R. Case No. 3:15-CR-166 at Dkt. No. 3. (Dkt. No. 274 at 3.)

[6] D.P.R. Case No. 3:15-CR-166 at Dkt. Nos. 35, 57, 60, 63. (Dkt. No. 274 at 3, 4.)

[7] D.P.R. Case No. 3:15-CR-166 at Dkt. No. 95. (Dkt. No. 274 at 4.)

Hinirio argues that under these circumstances, Ducoudray failed to provide effective assistance while facing and appealing his own charges for which he was convicted of during the same time frame that Hinirio was appealing his conviction. Hinirio argues that Ducoudray was "not focused on his ethical and legal obligations" to Hinirio and that Ducoudray "did nothing" on Hinirio's behalf in response to the Court's 2016 memorandum opinion addressing his motions to suppress. (Dkt. No. 274 at 4.) Hinirio argues that Ducoudray did not provide notice to the Third Circuit that the memorandum opinion had been filed. He also did not "file a motion to re-open the Third Circuit case and/or recall the mandate," and he did not "file a notice of appeal from the memorandum opinion." (Dkt. No. 274 at 4.)

Hinirio argues that "it was incumbent upon [Ducoudray] to follow proceedings in the [District Court]" and "to act in a timely fashion once the [District Court] filed its memorandum opinion" in December 2016. (Dkt. No. 274 at 4 n.3.) Hinirio contends that Ducoudray's legal troubles impacted Ducoudray's representation of Hinirio, and notes that Ducoudray faced federal criminal felony charges, which meant that he also faced disbarment at that time. According to Hinirio, Ducoudray never informed Hinirio of his legal troubles, and Hinirio questions whether Ducoudray informed the Third Circuit or this Court that he faced criminal charges or faced suspension or disbarment.

Hinirio asserts that his appeal was dismissed without a decision on the merits and the Third Circuit has yet to rule on the merits of his direct appeal. (Dkt. No. 273 at 4 and Dkt. No. 274 at 5.) Hinirio is challenging the validity of his conviction, and he now seeks to pursue the appeal that he alleges was abandoned by his prior counsel.

## II.

If a prisoner moves for relief because of alleged problems with the underlying trial, "his motion suggests that his conviction is flawed." *Fernandez v. United States*, 608 U.S. 411, 428 (2026). "It is the policy of the courts to give a liberal construction to pro se habeas

petitions."[8] *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States, 417 U.S. 333, 343 (1974)).* A prisoner in federal custody under a federal sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The defendant bears the burden of establishing entitlement to relief under section 2255. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).

The Sixth Amendment "right to counsel is the right to effective counsel." *McMann v. Richardson* 397 U.S. 759, 771 n.14 (1970). "The standard of review for a claim of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014). "Regardless of whether the claim is raised in a motion for a new trial, on collateral review, or on direct appeal, the standard of review is the same"—the burden is on the defendant to make a two-part showing of both deficiency and prejudice for a valid claim for relief. *United States v. Washington*, 869 F.3d 193, 203-04 (3d Cir. 2017) (citations omitted).

First, the defendant must demonstrate that his counsel's representation was "deficient" in that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Second, the defendant must demonstrate that the deficient performance was prejudicial to the defense—that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.; see also Washington*, 869 F.3d at 196 (holding that a

---

[8] "Section 2255 was enacted to provide the same relief available under the federal habeas corpus statute without the logistical problems encountered in the latter remedy*." Davis v. United States*, 417 U.S. 333, 359 (1974) (citing *United States* v. *Hayman*, 342 U.S. 205 (1952)).

defendant bears the burden of showing that trial counsel's actions "were not supported by a reasonable strategy" and that "trial counsel's errors were prejudicial").

The Sixth Amendment "requires not merely the provision of counsel to the accused, but 'Assistance,' which is to be 'for his defence.' . . . to assure 'Assistance' . . . when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Cronic*, 466 U.S. 648, 654-55 (1984) (citing *United States* v. *Ash*, 413 U.S. 300, 309 (1973))." To be ineffective, counsel's conduct must undermine the adversarial proceeding. *Strickland*, 466 U.S. at 686. "If no actual 'Assistance' 'for' the accused's 'defence' is provided, then the constitutional guarantee has been violated. To hold otherwise could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *Cronic* at 654-55 (citations omitted).

The Third Circuit has cautioned it will not "open the door to ineffective assistance of counsel claims on direct appeal as a matter of course." *Washington,* 869 F.3d at 202. Rather, an exception is recognized when the record "is sufficient to allow determination of ineffective assistance of counsel." *Id.* at 203 (citation omitted). "Determining sufficiency is case and claim dependent." *Id.* The right to the effective assistance of counsel is "the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted—even if defense counsel may have made demonstrable errors—the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated." *Cronic*, 466 U.S. at 656-57. "[T]he adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate." *Id.* at 656 (citation omitted).

**III.**

Hinirio did not have "counsel acting in the role of an advocate" during the time his court-appointed attorney was serving a jail sentence between 2017 and 2018.[9] Ducoudray was released from custody in October 2018, but he was simultaneously dealing with his own criminal proceedings related to the professional conduct he was convicted of during the time frame that Hinioro's case languished before the Third Circuit.

Hinirio contends that the Third Circuit erred by fully remanding his case and closing his file, (Dkt. No. 274 at 4 n.3), and points out that in 2018, this Court ruled that the Third Circuit opinion was *not* final, and that since its December 10, 2016 memorandum opinion, the Third Circuit has not yet ruled on Hinirio's direct appeal."[10] (Dkt. No. 260 at 2.) Indeed, in October 2018 this Court found Hinirio's initial motion to vacate pursuant to 28 U.S.C. §2255 premature, yet Hinirio's counsel could not facilitate movement on Hinirio's behalf because he had been disbarred by March of that same year. (Dkt. No. 291 at 8.)

"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have." *Cronic*, 466 U.S. at 649. Hinirio points out that the Third Circuit "neither affirmed nor overturned the District Court's denial" of his motions to suppress. (Dkt. No. 274 at 3.) Under the circumstances here, Hinirio had "no actual 'Assistance'" for his defense and was perhaps deprived of a reasonable strategy. *Cronic* at 654*; see also Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000) (holding that to show prejudice "a defendant must demonstrate that there is

---

[9] The U.S. Court of Appeals for the First Circuit affirmed Ducoudray's conviction; Ducoudray was ordered to surrender by May 1, 2017. (Dkt. No. 274 at 4.)

[10] Nearly two years after the December 10, 2016 memorandum opinion was issued in compliance with the Third Circuit's Order, Hinirio filed a motion to vacate pursuant to 28 U.S.C. §2255—on January 2, 2018—alleging ineffective assistance of counsel, a non-knowing, unintelligent and involuntary plea of guilty, a speedy trial violation, a Fourth Amendment violation, and a conflict of interest by trial counsel. (Dkt. Nos. 247, 248.) In October 2018, the District Court denied Hinirio's motion opining that "the Third Circuit ha[d] not yet ruled on Hinirio's direct appeal," and that "[w]ith a pending appeal, Hinirio's judgment of conviction is not final under 28 U.S.C. § 2255. . . . Thus, the 2255 petition is premature and Hinirio must wait until the Third Circuit disposes of his direct appeal before pursuing any other available avenues for relief." (Dkt. No. 260 at 2, 3.)

a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed"). The Third Circuit appointed representation for Hinirio's appeal, and the record shows that Hinirio's counsel did little after this Court issued its December 2016 memorandum opinion mandated by the Third Circuit.

The Government's arguments do little to bridge this void in Hinirio's criminal defense. First, the Government asserts there is no record of abandonment and argues that "Ducoudray's role as court-appointed appellate counsel ended because the Circuit's jurisdiction ended." (Dkt. No. 291 at 7.)Thus, according to the Government, Ducoudray was not retained as Hinirio's attorney, Ducoudray was not appointed by the Third Circuit, and Ducoudray "had no authority to appeal the District Court's findings."[11] (Dkt. No. 291 at 7.)Yet the Government concedes Ducoudray filed Hinirio's appeal and argued the appeal before the Third Circuit. Ducoudray's representation as Hinirio's counsel was not terminated until 2023—as is reflected on the case docket.[12]

The Government also argues that Hinirio's local counsel—Pedro Williams—served as his attorney, but as Hinirio points out:

> On December 11, 2011, Attorney Williams filed a motion seeking leave for Attorney Frederico Rafael Ducoudray Acevedo to appear *pro hac vice* on behalf of Mr. Diaz Hinirio. (Dkt. No. 19; *see also* Dkt. Nos. 21, 22, 25). The Court granted the motion and admitted Attorney Ducoudray to represent Mr. Diaz Hinirio *pro hac vice*. (Dkt. No. 30). Attorney Ducoudray made his required oath for admission. (Dkt. No. 37).

(Dkt. No. 292 at 1.) Ducoudray was appointed as sole counsel for Hinirio on appeal and remained Hinirio's counsel after the Third Circuit issued its mandate in January 2015.

---

[11] The Government also argues that on October 15, 2018, Hinirio filed his Motion to Injunct Lawsuit Against AUSA Delia L. Smith & Federico Ducoudray Acevedo (Counsel), (Dkt. No. 262), in which he asserted that Ducoudray did not inform him of the "personal legal battle in Criminal Case 1st Cir.15-CR-166" that he was involved in while serving as defense attorney for Hinirio. "The Circuit Court denied the appointment and recall requests, and Hinirio's subsequent request for an *en banc* rehearing." (Dkt. No. 291 at 7.) The Government fails to consider that Ducoucray had been disbarred at this point.

[12]Hinirio argues that "Attorney Ducoudray was counsel of record until November 27, 2023. His email address appears on the docket, and the Court's memorandum opinion was publicly filed. Therefore, the record indicates that it was served on Attorney Ducoudray per standard procedures. If Attorney Ducoudray failed to open his email, that is further evidence of his abandonment of Mr. Diaz Hinirio. In other words, this Court sent notice of the Court's opinion to Attorney Ducoudray, who did nothing with it. Such inaction is a classic example of abandonment." (Dkt. No. 291 at 5 n.2.)

Ducoudray remained Hinirio's trial counsel when nearly two years later, on December 10, 2016, this Court filed its memorandum opinion detailing its findings regarding Hinirio's motion to suppress. At no time prior did Ducoudray move to withdraw as counsel, and no new counsel entered an appearance or a notice of substitution.

The Government next argues that Hinirio did not "say that he requested an appeal," and "the record does not show that [Hinirio] hired Ducoudray to appeal the District Court findings or that the Circuit appointed Ducoudray to prosecute the District Court's findings." (Dkt. No. 291 at 8). However, as Hinirio's counsel, Ducoudray had "a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 473. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal." *Id.* at 486. The record is clear that Hinirio was interested in and actively seeking to appeal the denials of his motions to suppress. His plea agreement was conditional upon seeking an appeal, his appeal was pursued through briefing and oral argument, and the resulting remand continued to develop a factual record for that appeal.

Lastly, the Government falls back on the timeline of events to argue that Hinirio was not prejudiced by Ducoudray's own indictment since "when the District Court entered its findings in late 2016, Ducoudray had already been convicted some 11 months prior" and Ducoudray was indicted after Hinirio's conviction and after Ducoudray argued Hinirio's appeal. (Dkt. No. 291 at 9.)[13] However, the Court confines its inquiry to the fairness of the procedure. *United States ex rel. Gockley v. Myers*, 450 F.2d 232, 240 (3d Cir. 1971). "The guilt or innocence of the defendant is not in issue on a §2255 proceeding, but rather the validity

[13] The Government argues that Ducoudray was indicted "approximately two years after Hinirio's conviction, and approximately three months after Ducoudray argued Hinirio's appeal." (Dkt. No. 291 at 8.) "On March 5, 2015, a federal Grand Jury in Puerto Rico indicted Ducoudray . . . . Trial commenced there on January 19, 2016, . . . the jury returned a guilty verdict on January 20, 2016, . . .[and] [o]n September 13, 2016, Ducoudray received an 18-month prison sentence. . . . He appealed his conviction, lost, and was disbarred on March 26, 2018." *Id.*

and the fairness of the proceedings against him." *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980).

The entire time Ducoudray was under indictment, he was either Hinirio's retained counsel or appointed counsel. Ducoudray's representation as appellate counsel may have ended when the Third Circuit made it clear that the case was closed, but Ducoudray remained Hinirio's trial counsel until new counsel was appointed in November 2023. And Ducoudray remained trial counsel at the time of his own indictment, conviction, sentencing, surrender and appeal. "A trial is unfair if the accused is denied counsel at a critical stage. The same is true on appeal. Under such circumstances, no specific showing of prejudice is required, because the adversary process itself is presumptively unreliable." *Flores-Ortega*, 528 U.S. at 473. In evaluating an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland*, 466 U.S. at 696. The Government fails to account for the breakdown of Hinirio's defense after the District Court issued its 2016 memorandum opinion. And the Government fails to demonstrate that the Constitutional standard of the adversarial process guaranteed by the Sixth Amendment *was not* undermined in this matter.

**IV.**

While a criminal proceeding—even on appeal—"is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." *Cronic*, 466 U.S. at 657 (citation omitted). The Court finds that Hinirio has met his burden under section 2255 and is entitled to having the merits of his claim heard on appeal. Thus, Hinirio's motion will be granted. An appropriate Order follows.

**Dated:** November 18, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**CHIEF JUDGE**